14-3694
Wahab v. Estee Lauder Companies, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fifteen.

PRESENT:
   JOHN M. WALKER, JR.,
   DENNIS JACOBS,
   DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

Chassib Kassim Wahab,

                   *Plaintiff-Appellant*,

        v.                                                                    **14-3694**

Estee Lauder Companies, Inc.,

                   *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:           Chassib Kassim Wahab, <u>pro se</u>,
                                   Stony Brook, New York.

FOR DEFENDANT-APPELLEE:            John D. Winter, Esq., YiLing Livia
                                   Chen-Josephson, Esq., Patterson
                                   Belknap Webb & Tyler LLP, New
                                   York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J., Tomlinson, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Chassib Kassim Wahab, pro se, appeals the district court's grant of summary judgment dismissing his discrimination claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and New York state law. The district court's decision was based on Wahab's failure to file a timely charge with the Equal Employment Opportunity Commission ("EEOC"), his contractual waiver of claims, his failure to show that the non-discriminatory reason for the challenged employment action—rejection of his application to transfer to a new position because of his refusal to take a required test—was pretextual, and his failure to offer sufficient evidence to allow his remaining claims of disparate treatment and harassment to survive summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all inferences in favor of the non-movant. Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Upon review, we conclude that the district court correctly ruled that (1) Wahab failed to file a timely charge with the EEOC, which rendered his federal claims time-barred; (2) he failed to carry his burden of showing that the non-discriminatory reason for the defendant's failure to transfer him to the Melville facility was pretextual; and (3) he failed to produce evidence as to his other, indeterminate disparate treatment and harassment claims sufficient to survive summary judgment. As to these grounds for dismissal, we affirm for the reasons stated in the magistrate judge's well-reasoned and thorough report and recommendation, adopted in its entirety by the district court. Because we do so, we need not determine whether Wahab's contractual waiver of claims was in fact knowing and voluntary, and therefore provided an independent basis for dismissal of the action.

We have considered all of Wahab's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk